IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAMONT DAVID SMITH,

    Petitioner,

v.                                    Civil Action No. 1:05CV70
                                  (Criminal Action No. 1:96CR9-01)
UNITED STATES OF AMERICA,                   (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

Pro se petitioner, an inmate at the United States Penitentiary in Big Sandy, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody in which he alleges that his sentence is unconstitutional in light of United States v. Booker, 543 U.S. 220 (2005). The matter was referred to United States Magistrate Judge James E. Seibert for an initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 application be denied as untimely. The magistrate judge informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. The petitioner filed objections.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because objections have been filed in this case, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, there is a one-year limitation period within which any federal habeas corpus motion must be filed. 28 U.S.C. § 2244(d). The magistrate judge applied the statue of limitations to the present case and found that the petitioner does not meet any of the following four limitation periods provided in § 2244(d):

> The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

When it is "indisputably clear" that a petition is untimely and cannot be salvaged, federal courts are not required to warn a petitioner that the case will be subject to dismissal. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). In this case, petitioner's § 2255 petition is clearly untimely under subsection (A) of § 2244(d). Petitioner's judgment of conviction became final on October 12, 1997, ninety days after the Fourth Circuit entered its judgment on his appeal. Thus, under the AEDPA, the petitioner had one year (until October 12, 1998) to file a timely § 2255 petition. The petitioner did not file his petition until April 15, 2005, over six years later.

Further, the magistrate judge noted that subsections (B) and (D) are inapplicable here because the petitioner has not alleged that the government created an impediment to his filing a timely § 2255 petition or that his petition is based on new facts. Finally, the magistrate judge found that subsection (C) also does not apply in this case because the constitutional right petitioner asserts in his § 2255 petition has not been made retroactively

3

applicable on collateral review. United States v. Morris, 429 F.3d 65 (4th Cir. 2005) (holding that United States v. Booker, 543 U.S. 220 (2005) does not apply retroactively and thus is unavailable for post-conviction relief for federal prisoners whose convictions became final before Booker was decided).

The petitioner does not object to the magistrate judge's conclusion that his petition is untimely pursuant to subsections (A), (B), and (D) of 28 U.S.C. § 2244(d) and this Court finds no clear error in that conclusion. Rather, the petitioner objects to the recommendation of the magistrate judge based on subsection (C). The petitioner argues that Booker and United States v. Shepard, 544 U.S. 13 (2005), both of which were decided after his conviction, are retroactively applicable on collateral review and entitle him to a resentencing. This objection is without merit because neither case is retroactively applicable on collateral review. See United States v. Morris, 429 F.3d 65 (4th Cir. 2005)(Booker is not retroactive to cases on collateral review); Summey v. Haynes, 2007 WL 2005547, *2 (N.D. W. Va. July 10, 2007)(Shephard is not retroactive to cases on collateral review).

### III. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and

4

recommendation. The petitioner's § 2255 application is DENIED as untimely. Accordingly, it is ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the plaintiff may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    December 10, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE